```
                    FILED          RECEIVED
                    ENTERED        SERVED ON
                                   COUNSEL/PARTIES OF RECORD

                    MAR 21 2012

                    CLERK US DISTRICT COURT
                    DISTRICT OF NEVADA
            BY:                           DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RANDALL G. BROWN,

    Plaintiff,

v.

ROBERT BANNISTER, *et al.*,

    Defendants.

3:11-cv-00151-RCJ-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

March 21, 2012

    This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for a temporary restraining order (#20).[1] Defendants opposed (#21) and plaintiff did not reply. Also before the court is defendants' motion for summary judgment (#22).[2] Plaintiff opposed (#32) and defendants replied (#33). The court has thoroughly reviewed the record and recommends that defendants' motion for summary judgment (#22) be granted. The court further recommends that plaintiff's motion for a temporary restraining order (#20) be denied as moot.

## I. HISTORY & PROCEDURAL BACKGROUND

    Plaintiff Randall Brown ("plaintiff"), a *pro se* inmate, is currently incarcerated at Northern Nevada Correctional Center ("NNCC") in the custody of the Nevada Department of Corrections ("NDOC") (#1). Plaintiff's complaint alleges violations of his Eighth Amendment right to be free from cruel and unusual punishment. *Id.* Pursuant to 28 U.S.C. § 1915A, the court screened the complaint and permitted his Eighth Amendment claim of deliberate indifference to a serious medical

---

[1]    Refers to the court's docket numbers.

[2]    Defendants also filed exhibits A and B under seal in support of their motion for summary judgment (#24 (*sealed*)).

need to proceed against NDOC Medical Director Robert Bannister, NNCC Director of Nursing I John Peery, and NDOC Director of Nursing II John Keast (#2, p. 9).[3] Defendants Bannister, Peery, and Keast ("defendants") bring the instant motion (22).

In count IX, plaintiff alleges that he can only take eight to ten steps at a time due to injuries in both his knees (#1, p. 19).[4] Plaintiff states that NDOC's orthopedic surgeon determined that the damage could be repaired with surgery but that defendants, as part of the Utilization Review Panel, refused to approve surgery due to cost. *Id.* Plaintiff asserts that he is confined to a wheelchair and that he was granted parole over a year ago, but the only halfway house that would accept him in a wheelchair costs more than he can afford. *Id.* Plaintiff claims he is unable to work in prison due to his injury. *Id.*

The following facts are undisputed. In 2004, while on parole, plaintiff stepped off a curb and injured his right knee (#24, Ex. A, p. 2 (*sealed*)). In February 2005, plaintiff was re-incarcerated in the custody of NDOC (#22, Ex. D, p. 4). Plaintiff complained of pain in his right knee and NDOC referred plaintiff to Dr. Long, an orthopedic surgeon for a consultation (#24, Ex. A, pp. 1-2 (*sealed*)). On May 11, 2005, Dr. Long examined plaintiff and determined that plaintiff suffers from congenital hyperextension of both his knees, a deformity in the knee joint in which the knee bends backwards. *Id.* at 2. On May 16, 2005, Dr. Long determined that he "was unable to find any corrective surgery for this problem." *Id.* at 1. Dr. Long noted that plaintiff should use a left knee brace to prevent hyperextension of the left knee, and recommended arthroscopic debridement, a process of removing dead tissue from around an injury. *Id.* Dr. Long also noted that "this should best be handled at a tertiary medical center, such as the University of California." *Id.* NDOC provided plaintiff with a wheelchair, knee braces, a walker, and a cane to assist him with his knee condition. *Id.* at Ex. B. NDOC also gave plaintiff Tylenol to treat his pain. *Id.* at Ex. A, pp. 17, 19-29, 23-27, 29). NDOC

---

[3] The court issued its screening order and severed the claims of each plaintiff. Plaintiff's sole count in the complaint is set forth in count IX (#1, pp. 18-19).

[4] When citing to plaintiff's complaint, the court utilizes plaintiff's handwritten numbering at the bottom of the page.

2

medical providers, including the defendants, determined that "surgery is not possible given plaintiff's condition" (#22, Ex. C, p. 1).

Defendants filed the instant motion seeking summary judgment on plaintiff's claim (#22). Defendants first argue that assuming plaintiff's medical need was serious, plaintiff cannot demonstrate that defendants were deliberately indifferent to a serious medical need. *Id.* at 5. Defendants assert that a difference of opinion between plaintiff and a physician as to the need for surgery is insufficient to establish deliberate indifference. *Id.* Lastly, defendants argue they are entitled to qualified immunity on all claims, and cannot be sued for damages for acts performed in their official capacities. *Id.* at 6-7. In support of their arguments defendants attach plaintiff's medical records (#24, Exs. A, B (*sealed*)).[5] Defendants also attach defendant Bannister's affidavit and plaintiff's Offender Information Summary (#22, Exs. C, D).[6]

In his opposition, plaintiff argues that Dr. Long ordered "arthroscopic debridement of a meniscus tear" and that defendants "failed to carry out medical orders and have intentionally interfered with prescribed treatment" (#32, pp. 2, 4). Plaintiff also contends that defendants failed to consult the University of California regarding his condition. *Id.* at 2. Plaintiff further argues that defendants acted with deliberate indifference to his medical need when they provided him with knee braces that did not fit correctly and caused plaintiff to develop a rash. *Id.* at 3. Lastly, plaintiff contends that defendants are not entitled to qualified immunity. *Id.* at 5. Plaintiff attaches Dr. Long's physician notes, an affidavit signed by plaintiff, and defendants' responses to plaintiff's interrogatories. However, the evidence plaintiff attaches fails to raise a triable issue of material fact as to plaintiff's claim of deliberate indifference to a serious medical need. The court will not consider new claims that plaintiff raises for the first time in his opposition regarding a rash and defective knee braces. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

---

[5] Defendants attach Karen Walsh's declaration authenticating plaintiff's medical records (#22, Ex. C).

[6] Defendants attach Molly Collins's declaration authenticating plaintiff's Offender Information Summary (#22, Ex. C)

3

Defendants reply that plaintiff fails to produce any evidence which shows a genuine issue for trial (#33, p. 2). Defendants argue that plaintiff's arguments amount to a difference of opinion between plaintiff and medical professionals. *Id.* They further state that Dr. Long's report was a consultation and that Dr. Long acknowledged that there is no known corrective surgery for plaintiff's condition. *Id.* at 3. Lastly, defendants state that plaintiff's complaint does not allege that his knee braces caused him a rash. *Id.* at 3-4.

The court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Summary Judgment Standard

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). However, the Supreme Court has noted:

> [W]e must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

## B. Analysis

Plaintiff brings suit against defendants and alleges that defendants violated his Eighth Amendment rights when they denied plaintiff's request for surgery (#1, p. 18). Defendants filed a motion for summary judgment claiming that they were not deliberately indifferent to plaintiff's serious medical need because they provided him with medical care and treatment (#22). To support this contention, defendants submitted plaintiff's medical reports and records *in camera* and under seal (#24, Exs. A, B (*sealed*)). Defendants also argue that a difference of opinion between medical professionals or between plaintiff and medical professionals does not amount to deliberate indifference (#22, p. 5). The court agrees.

### 1. Deliberate Indifference to Serious Medical Needs

A prisoner's claim of inadequate medical care arises under the Eighth Amendment. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To prevail on an action alleging cruel and unusual punishment, a plaintiff's case must satisfy an objective standard – that the deprivation was serious enough to amount to cruel and unusual punishment, and a subjective standard – deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Wilson v. Seiter*, 501 U.S. 294, 297-304 (1991). A prison official violates the Eighth Amendment when he responds with deliberate indifference to an inmate's serious medical need. *Farmer*, 511 U.S. at

5

834.

The objective requirement of a "serious medical need" is met if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). In this circuit, examples of serious medical needs include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citations omitted).

The subjective standard of deliberate indifference requires "more than ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835, (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The requisite state of mind lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other." *Id.* at 836. To prove deliberate indifference, plaintiff must demonstrate that prison staff denied, delayed, or intentionally interfered with medical treatment or that the way prison staff provided medical care indicates deliberate indifference, and that plaintiff sustained damages as a result of such conduct. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Prison medical staff do not violate the Eighth Amendment simply because their opinion concerning medical treatment conflicts with the opinion of the inmate-patient. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Moreover, "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference." *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam); *accord McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992).

Further, a difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). However, a prisoner can establish that such a difference of opinion amounted to deliberate indifference where "the course of treatment the doctors chose was medically unacceptable under the circumstances," and such a course of treatment was

6

chosen "in conscious disregard of an excessive risk to the prisoner's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citing *Williams v. Vincent*, 508 F.2d 541, 543-44 (2d Cir. 1974) (holding that inmate stated a claim for deliberate indifference where prison medical staff threw away the inmate's severed ear, told the inmate that 'he did not need [it],' and made no effort to reattach it").

Plaintiff's Eighth Amendment claim centers on the defendants' denial of plaintiff's request for knee surgery. Dr. Long, an orthopedic specialist, was unable to identify any corrective surgery for plaintiff's knee condition (#24, Ex. A, p. 1 (*sealed*)). Thus, plaintiff's allegation that Dr. Long determined that damage to plaintiff's knees could be repaired with surgery is unsubstantiated (#1, p. 18). Defendant Bannister also determined that no corrective surgery exists for plaintiff's condition (#22, Ex. C). Moreover, mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference . . . unless the denial was harmful." *Shapley, Nevada Bd. of State Prison Com'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Plaintiff has not presented evidence to show that a denial of his request for surgery resulted in harm to his knee condition. At most, there is a demonstrated difference of opinion between plaintiff and defendants regarding the need or availability of corrective surgery. Plaintiff's claim that a denial of corrective surgery is deliberate indifference to his medical need fails as a matter of law because a difference of opinion between plaintiff and a physician as to whether surgery is necessary is insufficient to establish deliberate indifference. *See Franklin*, 662 F.2d at 1344.

While Dr. Long did not identify a corrective surgery for plaintiff's condition, he did note that plaintiff could undergo an arthroscopic debridement of a meniscus tear. *Id.* To the extent plaintiff argues that defendants' denial of this procedure constitutes deliberate indifference, a difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. *Sanchez*, 891 F.2d at 242. For a difference of opinion to rise to the level of deliberate indifference, plaintiff must establish that the course of treatment chosen was "medically unacceptable under the circumstances," and was chosen "in conscious disregard of an excessive risk" to plaintiff's health. *Jackson*, 90 F.3d

7

at 332. The facts presented simply do not meet this requirement. Plaintiff has presented no evidence to establish that the decision made by the Utilization Review Panel was medically unacceptable. Nor has plaintiff demonstrated that denial of knee surgery was made in conscious disregard of an excessive risk to his health. Plaintiff argues that "deliberate indifference can be shown in the fact that the defendants have failed to carry out medical orders" and that defendants failed to "cite any penological or medical reason for refusing to allow knee surgery" (#32, p. 4). For the reasons stated above, these allegations are insufficient to demonstrate that defendants acted with deliberate indifference.

Review of plaintiff's medical records belie plaintiff's claim that defendants were deliberately indifferent to plaintiff's serious medical needs. Rather, the facts show that defendants supplied plaintiff with knee braces, a cane, a wheelchair, a walker, and Tylenol (#24, Exs. A, 17, 19-20, 23-27, 29; Ex. B, 1-9 (*sealed*)). NDOC provided plaintiff with numerous knee braces with hinges to ease his pain and assist him in walking. *Id.* at Ex. B, pp. 2, 3, 6, 8.[7] NDOC provided plaintiff with a wheelchair which they allowed him to use for long distance movement within the prison. *Id.* at 4, 7. Plaintiff also received a cane and walker. *Id.* at 5, 6, 8, 9. NDOC also referred plaintiff to Dr. Long for a consultation. Plaintiff cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Uncorroborated and self-serving testimony" without more, will not create a genuine issue of material fact precluding summary judgment. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Plaintiff presents no other evidence of defendants' alleged deliberate indifference to his medical needs, nor does he demonstrate any factual issues concerning whether the defendants were deliberately indifferent.[8] The court recommends that defendants' motion for summary judgment (#22) on plaintiff's Eighth Amendment claim be

---

[7] The court need not consider plaintiff's claims regarding discomfort from his knee brace which he raised for the first time in his opposition. *389 Orange Street Partners*, 179 F.3d at 665.

[8] Plaintiff argues that defendants presented false evidence and withheld information (#32, pp. 1-2). However, plaintiff attaches the same exhibits produced by defendants to his opposition and fails to identify what evidence was allegedly withheld.


granted.

### 2. Eleventh Amendment Immunity

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit . . . against one of the United States by Citizens of another State." U.S. Const. amend XI. The Supreme Court has held that a suit against a state official in his or her official capacity is not suit against that official, but rather a suit against the official's office; therefore, an official acting in his or her official capacity is not a "person" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Since the state and its officials are not considered "persons" within the meaning of section 1983, "they cannot be held liable under the statute for money damages." *Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914, 918 (9th Cir. 2003).

In his complaint, plaintiff names defendants in their official and individual capacities (#1, pp. 2-3). Plaintiff requests injunctive relief allowing him to see at least one specialist and compensatory, nominal, and punitive damages. *Id.* at 7. As the court recommends summary judgment on the Eighth Amendment claim, plaintiff's request for injunctive relief is moot. Further, it is clear that defendants cannot be sued in their official capacities for money damages. *Bank of Lake Tahoe*, 318 F.3d at 918. Therefore, the court recommends summary judgment for defendants in their official capacities for all monetary claims for relief.[9]

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that defendants met their burden of proving that there are no genuine issues of material fact for trial. As such, the court recommends that defendants' motion for summary judgment (#22) be **GRANTED** as to plaintiff's Eighth Amendment claim. The court further recommends that plaintiff's motion for a temporary restraining order (#20) be **DENIED** as moot. The parties are advised:

---

[9] Because plaintiff has not demonstrated that defendants acted with deliberate indifference to his serious medical needs, the court need not reach issues of qualified immunity.

9

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion for summary judgment on the issue of Eighth Amendment deliberate indifference to a serious medical need against defendants Bannister, Peery, and Keast (#22) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that plaintiff's motion for a temporary restraining order (#20) be **DENIED** as moot.

**DATED**: March 21, 2012.

_____
UNITED STATES MAGISTRATE JUDGE